UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHN R. FOUTS, ET AL.**                                                                                **PLAINTIFFS**

**v.**                                         **No. 3:25-cv-33-BJB**

**COMMONWEALTH OF KENTUCKY, ET AL.**                              **DEFENDANTS**

\*\*\*\*\*

**MEMORANDUM OPINION & ORDER**

The Court's last Memorandum and Order (DN 84) denied Plaintiff's motions for a temporary restraining order, for protection under the Violence Against Women Act, to "reinstate" his *in forma pauperis* status (which he had never actually received), to grant *in forma pauperis* status, to vacate the Court's prior TRO and special-master denials, and to vacate the Magistrate Judge referral. Since then, Plaintiff has filed two more motions (DNs 85 and 86), which he labels "Emergency." The first (DN 85) seeks judicial intervention to halt "fraud upon the Court," judicial obstruction, systemic due process violations, treason, sedition, war crimes, torture, intentional infliction of emotional distress, and "state-sponsored persecution," and violations of the Ku Klux Klan Act of 1871, RICO, the False Claims Act, and various provisions of the criminal code. Plaintiff once again seeks a variety of wide-ranging and "immediate" relief, including federal investigations, vacatur of "fraudulent" Court orders, dismissal of his state-court eviction case, and award of compensatory and punitive damages. And he again complains that his minor child should not have been dismissed from this lawsuit, that his case was "wrongfully downgraded" to the Magistrate Judge, that his ECF has been "unlawfully" restricted, and that his IFP motion needs a "proper review." He attaches well more than 600 pages of exhibits. The second motion (DN 86) is largely duplicative of the one filed at DN 85.

Plaintiff has since filed a notice of appeal and a petition for writ of mandamus in the Sixth Circuit Court of Appeals. Neither affects this Court's jurisdiction to rule on his recent motions.

The Notice (DN 87) doesn't appeal any ruling by the Court; rather it "appeals" from this Court's "failure to rule on any emergency motions … and … request for [TRO]." DN 87, PageID #: 2600. Additionally, this Court has, in fact, denied Fouts's motions and retains jurisdiction. "It is well-established that an appeal from an order granting or denying [even] a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Moltan Co. v. Eagle-Pitcher Industries, Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (internal quotation marks and citation omitted).

1

Nor does the mandamus petition affect this Court's jurisdiction. "[T]he filing of a petition for a writ of mandamus [in the court of appeals] does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court." *Farrell v. US Bank Nat'l Ass'n*, No. 14-11781, 2015 WL 13035017, at *1, n.1 (E.D. Mich. Jan. 15, 2015) (internal quotation marks and citation omitted); *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("[P]etitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case.").

Plaintiff's most recent motions repeat demands and assertions made in other motions of his. Once again, they do so without acknowledging or responding to the Court's reasons for their previous denial. These two motions fail to address the procedural requirements for obtaining a TRO, as the Court explained in its prior Orders. DN 85, PageID #: 1895. He continues to insist that his minor child be restored as a plaintiff in this lawsuit, ignoring the Court's earlier ruling that a *pro se* plaintiff cannot represent his minor child—but that the minor could be a party in this case if he or she were represented by counsel. *Id.* at PageID #: 1896. He again demands that the Court "correct" the list of Defendants, without explaining how the current list is incorrect. *Id.* at PageID #: 1897. And he persists in insisting that this case has been "wrongfully downgraded" to a Magistrate Judge, ignoring the Court's explanation that Congress expressly authorized general referrals to a magistrate judge under 28 U.S.C. § 636(b)(1)(A) "to hear and determine any pretrial [non-dispositive] matter pending before the court." *Id.* at PageID #: 1890.

Plaintiff does submit a copy of the Court's Order denying IFP status on which he has added handwritten notes in the margins. DN 85-16. That order, he writes, "[i]gnor[ed] the over $18000 in medical expenses incurred Jan. 1- 2024 – current" and "$1000 plus of med expenses each month not being covered by insurance." *Id.*

Plaintiff doesn't state (or attest) that he has $18,000 in current medical debt. Nor did he mention a medical debt of that amount in his IFP motion. True, his IFP motion said he has "[m]edical expenses, often uncovered by Medicaid, … around $1,150 monthly." DN 8, PageID #: 155 (emphasis added); *see also id.* (calculating medical expenses of "[a]pproximately $1,150 per month" that are *not* reimbursed). *Id.* But Plaintiff doesn't address the fact that, at the time he filed his complaint, he asserted that he had $10,400 in his Coinbase account, suggesting he has the ability to pay the fee without undue hardship.

## ORDER

For the reasons expressed above as well as in the Court's prior Orders (DNs 62, 71, and 84), the Court denies Plaintiff's "Emergency" motions (DNs 85 and 86).

The Plaintiff's deadline to respond to the Court's prior IFP orders is March 1, 2025. *See* DN 62. Out of an abundance of caution, the Court will extend that deadline

to March 7, 2025. But the Court **WARNS** Plaintiff that this case is subject to dismissal if he doesn't pay the filing fee or demonstrate that he is entitled to relief from the Court's Order denying him *in forma pauperis* status on or before **March 7, 2025**.