UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHN R. FOUTS, ET AL.**                                                                                          **PLAINTIFFS**

**v.**                                                                                                                    **No. 3:25-cv-33-BJB**

**COMMONWEALTH OF KENTUCKY, ET AL.**                                                       **DEFENDANTS**

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This Court previously denied *pro se* Plaintiff John Fouts's application to proceed without prepayment of fees and ordered him to pay the filing fee within 30 days. DN 62. That order warned Fouts that failure to comply could result in dismissal of this lawsuit. *See id.* at 3. After Fouts failed to tender the filing fee, the Court extended his payment deadline to March 7, 2025, and again warned that his failure to comply would result in dismissal. DN 91 at 3.

Fouts's extended deadline has passed without him paying the filing fee. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to involuntarily dismiss a case if a plaintiff fails to prosecute it or comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citation omitted) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although courts give *pro se* litigants leeway on matters that require legal sophistication (such as formal pleading rules), this does not apply to deadlines or other rules that nonlawyers can understand. *See id.* at 110.

Despite multiple warnings, Fouts failed to comply with clear court orders requiring payment of the filing fee. Since those orders, Fouts has continued filing duplicative and seemingly frivolous motions—without first satisfying the basic requirement to pay the filing fee. *See, e.g.*, DNs 93 (motion for judicial recusal) & 94 ("Emergency Notice: Criminal Obstruction, Retaliation, Mail Tampering, and Denial of Access to Federal Relief"). To be sure, his underlying requests for relief (which the Court assumes at this stage to be true) address serious issues: intimidation of family members, mail tampering, and retaliatory eviction attempts in response to his prior complaints about black mold and substandard conditions in his federally subsidized housing. DN 94 at 2–3. But the Court's prior orders have already explained that emergency federal relief was unavailable on those grounds. *See* DNs 62, 84 & 91.

The Court's prior orders, moreover, warned Fouts of the consequences if he failed to pay the standard court filing fee. *See, e.g.*, DN 62 at 3 ("The Court further warns Plaintiff that failure to tender the filing fee within the time allowed may result in dismissal of this action."); DN 84 at 2 ("As for Fouts's renewed and emergency IFP

motions, the Court denies them for the same reasons it previously denied his initial IFP applications."); DN 91 at 3 ("[T]he Court warns Plaintiff that this case is subject to dismissal if he doesn't pay the filing fee or demonstrate that he is entitled to relief from the Court's Order denying him *in forma pauperis* status on or before March 7, 2025."). These orders are consistent with the principle, discussed above, that "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). If even "a pro se litigant fails to comply with an easily understood court-imposed deadline"—here, the deadline for paying the filing fee—"there is no basis for treating that party more generously than a represented litigant." *Id.*

In response to those orders, Fouts offers only an unsupported "Emergency Motion for Reconsideration of Wrongful In Forma Pauperis Denial and Stay of Payment Deadline." DN 92. That filing seeks a stay of the March 7 payment deadline based on the Court's purported "deni[al]" of his "IFP request without properly reviewing the financial documentation provided." *Id.* at 1 (citing 28 U.S.C. § 1915 and the Fourth and Fifth Amendments). The motion cites a handful of Supreme Court precedents regarding the arbitrary denial or insufficient review of *in forma pauperis* applications. *See id.* at 2 (citing *Denton v. Hernandez*, 504 U.S. 25 (1992), and *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). But neither the motion nor its attachments explain how the Court overlooked his financial information or misapplied the IFP standard. *See, e.g.*, DN 62 at 3 ("Plaintiff states that he receives $1,839 in disability payments each month; he received a $22,386 payment in May 2024; he currently has an investment account worth approximately $10,400; and he has $646.00 in a checking or savings account. The application therefore shows that Plaintiff has the resources to pay the $405.00 filing fee for this action without undue financial hardship…."); DN 91 at 3 ("Plaintiff doesn't address the fact that, at the time he filed his complaint, he asserted that he had $10,400 in his Coinbase account, suggesting he has the ability to pay the fee without undue hardship."). His latest filing ignores the investments, funds, and cryptocurrency he previously disclosed in the record, which presumably could be used to pay the filing fee without causing Fouts undue hardship.

Once again, "Fouts's IFP motions don't engage with the Court's reason for denying his initial application: he has the resources to pay the $405.00 filing fee for this action without facing undue hardship." DN 84 at 2. If the Court's prior conclusion regarding his financial status is wrong, Fouts needs to say why. He cannot claim that the Court failed to "properly revie[w] the financial documentation provided," DN 92 at 1, when the record shows the Court *did* review such information—and his own filings fail to engage with that analysis, *see, e.g.*, DN 62 at 2–3. The Court's orders—but not Fouts's subsequent filings—do indeed address the documentation that Fouts supplied regarding his assets.

2

So the Court's prior reasons for denying his requests for pauper status and waiver of the filing fee remain undisturbed. He has failed to show that, when he filed his Complaint, he was unable to pay the filing fee without suffering undue hardship. As indicated in this Court's prior orders, the assets apparently available to him would allow him to "pay the costs of litigation and still provide for the necessities of life." *See, e.g.*, DN 62 at 2 (quoting *Laslau v. Comm'r of Soc. Sec.*, No. 16-cv-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016)).

The Court, therefore, denies Fouts's emergency motion for reconsideration (DN 92), dismisses this lawsuit based on Fouts's persistent failure to comply with the Court's orders, and denies as moot his other motions that remain pending (DNs 46, 47, 48, 52, 55, 56, 59, 68, 69, 79, 80, 82 & 93).

cc:   Plaintiff, *pro se*
      Defendants