UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHN R. FOUTS, ET AL.**                                         **PLAINTIFFS**

    v.                                                    **NO. 3:25-cv-33-BJB**

**COMMONWEALTH OF KENTUCKY, ET AL.**                              **DEFENDANTS**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

    The Court previously denied *pro se* Plaintiff John Fouts's application to proceed without prepayment of fees and ordered him to pay a filing fee within 30 days. DN 62. When Fouts failed to pay that filing fee, the Court dismissed his lawsuit based on his consistent failure to comply with the Court's orders and denied a host of Fouts's then-pending motions. DN 95. Fouts has now filed an emergency motion (DN 99) to reopen the case, void the Court's previous order (DN 95), and reassign the case to a different judge. In the meantime, the Sixth Circuit Court of Appeals denied Fouts's petitions for writs of mandamus and prohibition. *See In re: John R. Fouts*, No. 25-5144, Order (6th Cir. Aug. 26, 2025) (DN 100).

    The Court has already entered final judgment in Fouts's case. *See* DN 96. So to reopen his case Fouts must show some ground for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *See BLOM Bank Sal v. Honickman*, 605 U.S. 204, 214 (2025). His motion cites that rule, but doesn't explain how any of its provisions would justify reopening this case. And no reason is apparent to the Court. His lawsuit failed because Fouts repeatedly didn't comply with orders to pay the filing fee—despite numerous warnings and opportunities to provide further information to support a motion to proceed *in forma pauperis*. *See, e.g.*, DN 62, 84, 91. Nothing in Fouts's current motion addresses that basic deficiency. So the Court denies Fouts's motion to reopen his case and void its previous orders.

    Fouts's motion demanding judicial reassignment asserts "that the Western District of Kentucky, along with the Sixth, Ninth, and D.C. Circuits, are compromised by demonstrated judicial misconduct, unlawful transfers, and coordinated retaliation." DN 99 at 3. On this basis, the motion "demands immediate judicial reassignment to a neutral venue outside of these circuits." *Id.* Because this case remains closed, however, no case exists to transfer. And in any event Fouts has identified no lawful basis for reassignment. *See generally* 28 U.S.C. § 455 (limiting

disqualification to instances of reasonably perceived partiality, bias, personal knowledge, past work, financial interests, family relationships, and the like). Fouts also requests that the transfer of a separate case from the District of Columbia District Court to the Western District of Kentucky be reversed. But no authority allows this Court to transfer (or un-transfer) a separate case not before it.

### ORDER

The Court therefore denies Fouts's emergency motion to reopen the case, vacate void orders, and demand judicial reassignment (DN 99).